UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, a foreign insurance company,<br><br>      Plaintiff,<br><br>  v.<br><br>OTAK, INC. an Oregon Corporation, THE CITY OF RIDGEFIELD, a municipality and ROGER SINCLAIR, an individual.<br><br>      Defendants. | No. 3:23-cv-5125<br><br>**COMPLAINT FOR DECLARATORY RELIEF (28 U.S.C. § 2201)** |

Plaintiff The Phoenix Insurance Company (hereafter "Phoenix") submits the following Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

## I.   PARTIES

1.1   Plaintiff Phoenix is a foreign insurance company licensed to conduct business in the State of Washington. Phoenix is organized under the laws of the State of Connecticut with its principal place of business in the State of Connecticut. Phoenix is licensed to transact business in Washington and at all material times has transacted business in Washington.

1.2   Defendant, Otak Inc. (hereafter "Otak") was and is an Oregon corporation with its principal place of business in Portland, Oregon.

1.3   Defendant, The City of Ridgefield (hereafter "The City"), is a municipality

THE PHOENIX INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF – 1
Cause No. 3:23-cv-5125

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

located in Clark County within the borders of Washington State.

1.4    Defendant, Roger Sinclair, it an individual who on information and belief, resides in Clark County Washington.

## II.    JURISDICTION AND VENUE

2.1    Jurisdiction is properly before this Court pursuant to 28 U.S.C. §1332, *et. seq.*, as complete diversity exists among the parties and the amount in controversy exceeds $75,000.

2.2    The Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 2201 because there is an actual and justiciable controversy between the parties with respect to the existence of insurance coverage under the policy of insurance issued by Phoenix. A judicial determination and declaration of the rights and obligations of the parties is necessary and appropriate at this time because Phoenix has no adequate remedy at law which will resolve the current controversy.

2.3    The subject claim arises from bodily injury which allegedly occurred at the City of Ridgefield's Outdoor Recreation Complex, located in 3101 Hillhurst Road, Ridgefield, Washington, 98642.

2.4    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as this action involves a dispute over the application of insurance coverage under an insurance policy issued in Washington, events and omissions which gave rise to this claim occurred in this district, and because The City is subject to this Court's personal jurisdiction.

## III.    FACTUAL BACKGROUND

A.    **Underlying Facts**

3.1    The subject claim arises from bodily injury which allegedly occurred at the City of Ridgefield's Outdoor Recreation Complex located in Ridgefield, Washington.

THE PHOENIX INSURANCE COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF – 2
Cause No. 3:23-cv-5125

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

3.2     In September of 2017, The City of Ridgefield contracted with Otak for the renovation and construction of its Outdoor Recreation Complex.

3.3     This work required Project & Construction Management and Construction Observation.

3.4     The City of Ridgefield obtained these services from Otak pursuant to a professional services agreement No. C2017-056 and dated September 20, 2017 (hereinafter "The Agreement").

3.5     The Agreement provided that Otak would be an independent consultant in its supervision role. Otak was not responsible for any construction activities. Rather, Otak was responsible for scheduling, management, coordination, budgeting, status reports, reviewing and paying change orders, and coordinating with the City of Ridgefield. Otak was further responsible for confirming the quality of materials upon delivery and before installation, monitoring workmanship for conformance to plans and specs, tracking quantities of materials for unit price bid items and assisting with review of monthly pay applications.

3.6     The Agreement further contained an indemnification clause which expressly provided that Otak indemnify the City of Ridgefield for Otak's sole and independent negligence and waived Otak's immunity under Industrial Insurance Title 51 RCW.

3.7     On March 12, 2019, Roger Sinclair was allegedly injured on the Outdoor Recreation Complex construction site.

**B.     The Underlying Lawsuit**

3.8     In February of 2022, Roger Sinclair commenced suit against The City of Ridgefield and other defendants in Clark County Superior Court under cause number 22-2-00362-06.

THE PHOENIX INSURANCE COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF – 3
Cause No. 3:23-cv-5125

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

3.9     In the Complaint, Plaintiff Roger Sinclair brought causes of action against The City of Ridgefield alleging negligence in the construction, management, supervision, and control of the Ridgefield Outdoor Regional Complex arising out of his injury there in 2019.

3.10    On or about September 15 of 2022, The City of Ridgefield filed its Second Amended Answer and Third-Party Complaint against Otak.

3.11    In the Third-Party Complaint, The City of Ridgefield alleged that Otak contracted with the City of Ridgefield to provide Construction Management services in overseeing the construction of the Ridgefield Outdoor Recreation Complex. It was alleged that Otak's scope of services included Project and Construction Management and Construction Observation.

3.12    In the Third-Party Complaint, The City of Ridgefield brought a cause of action against Otak for negligence. Specifically, The City of Ridgefield alleged that Otak owed the City of Ridgefield a duty to exercise reasonable care in the management, supervision and control of Ridgefield Outdoor Recreation Complex to prevent the injuries and damages alleged by Sinclair.

3.13    In the Third-Party Complaint, The City of Ridgefield brought a cause of action against Otak for Common Law Indemnity. Specifically, The City of Ridgefield alleged that Otak had a common law duty to indemnify The City of Ridgefield from and such injuries and/or damages, costs attorneys' fees, and/or other litigation related expenses that it may occur in defending against the claims asserted against it by Sinclair.

3.14    On September 28, 2022, Otak contacted Phoenix via telephone to tender claims for defense in indemnity related to the subject loss.

3.15    On November 29, 2022, Phoenix subsequently received a copy of the pleadings from counsel for Otak.

3.16    On November 15, 2022, Phoenix issued an initial coverage position letter to Otak.

THE PHOENIX INSURANCE COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF – 4
Cause No. 3:23-cv-5125

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

3.17 Thereafter, a representative of Otak requested Phoenix reconsider their original coverage position letter.

3.18 On November 29, 2022, Phoenix agreed to pick up the defense of Otak under a reservation of rights. Phoenix issued a supplemental reservation of rights letter on January 18, 2023.

3.19 Phoenix has since incurred fees and costs in the defense of Otak from the underlying suit.

## IV. POLICY OF INSURANCE

**A. <u>Identification of the Subject Insurance Policy</u>**

4.1 Phoenix issued a commercial general liability insurance policy to Otak under policy number 860-5H242469-19-47 for the one-year period of January 1, 2019, to January 1, 2020. (hereafter "The Phoenix Policy").

4.2 Otak's commercial general liability policy has a $1,000,000 each occurrence limit and $2,000,000 products and completed operations aggregate limit.

**B. <u>Provisions of the Phoenix Policy</u>**

4.3 The Phoenix Policy contains the following Insuring Agreement:

 a. SECTION I - COVERAGES

 **COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

 1. Insuring Agreement

  a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion,

THE PHOENIX INSURANCE COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF – 5
Cause No. 3:23-cv-5125

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

>
> investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> (1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and
>
> (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.
>
> b. This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and
>
> (2) The "bodily injury" or "property damage" occurs during the policy period.
>
> * * *
>
> The policy provide applicable definitions as follows:
>
> 4. "Bodily injury" means:
>
>    a. Physical harm, including sickness or disease, sustained by a person; or
>
>    b. Mental anguish, injury or illness, or emotional distress, resulting at any time from such physical harm, sickness or disease.
>
> 13. "Occurrence" means an accident, including continuous or repeated exposure substantially the same general harmful conditions.
>
> 17. "Property damage" means:
>
>    a. physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
>    b. Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence"

THE PHOENIX INSURANCE COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF – 6
Cause No. 3:23-cv-5125

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

that caused it.

\* \* \*

4.4     The Phoenix policy contains endorsement CG D3 80 10 11 Exclusion - Engineers, Architects or Surveyors Professional Liability which reads as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**EXCLUSION-ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABILITY**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

1. The following is added to Paragraph **2., Exclusions,** of Section I – **COVERAGES - COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY:**

    **Professional Services**

    "Bodily injury" or "property damage" arising out of the rendering of or failure to   render any "professional services."

2. The following is added to Paragraph **2. Exclusions, of SECTION I – COVERAGES – COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY:**

    **Professional Services**

    "Personal injury" or "advertising injury" arising out of the rending of or failure to render any "professional services"

3. The following is added to **DEFINITIONS (Section V)**:

    "Professional services" means any service requiring specialized skill or training including:

    a. Preparation, approval, provision of or failure to prepare, approve, or provide any map, shop drawing, opinion, report, survey, field order, change order, design, drawing,

THE PHOENIX INSURANCE COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF – 7
Cause No. 3:23-cv-5125

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

       specification, recommendation, warning, permit application, payment request, manual or instruction;

    b. Supervision, inspection, quality control, architectural, engineering or surveying activity or service, job site safety, construction contracting, construction administration, construction management, computer consulting or design, software development or programming service, or selection of a contractor or subcontractor; or

    c. Monitoring, testing or sampling service necessary to perform any of the services Included in **a.** or **b.** above.

4.5   In addition to the insuring agreement and Professional Services exclusion endorsement cited above, please note that the policy also contains endorsement CG D7 97 01 16 entitled **AMENDMENT – OTHER INSURANCE CONDITION – ENGINEERS, ARCHITECTS OR SURVEYORS**.

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**PROVISIONS**

1. The following replaces the part of the first paragraph of Paragraph **4. Other Insurance**, of **SECTION IV- COMMERCIAL GENERAL LIABILITY CONDITIONS** that precedes Paragraph a.:

If valid and collectible other insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as described in Paragraphs **a.** and **b.** below. As used anywhere in this Coverage Part, other insurance means insurance, or the funding of losses, that is provided by, through or on behalf of:

    (i)   Another insurance company;

    (ii)  Us or any of our affiliated insurance companies;

    (iii) Any risk retention group;

    (iv) Any self-insurance method or program including any failure to buy insurance, or decision to not buy insurance, for any reason, in which case the insured will be deemed to be the provider of other insurance; or

THE PHOENIX INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF – 8
Cause No. 3:23-cv-5125

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

(v) Any similar risk transfer or risk management method.

Other insurance does not include umbrella insurance, or excess insurance, that was bought specifically to apply in excess of the Limits of Insurance shown in the Declarations of this Coverage Part.

As used anywhere in this Coverage Part, other insurer means a provider of other insurance. As used in Paragraph c. below, insurer means a provider of insurance.

2. The first Subparagraph **(2)** of Paragraph **4.b., Excess Insurance**, of **SECTION IV-   COMMERCIAL GENERAL LIABILITY CONDITIONS** regarding any other primary insurance available to you is deleted.

3. The following is added to Paragraph **4.b., Excess Insurance**, of **SECTION IV- COMMERCIAL GENERAL LIABILITY CONDITIONS:**
This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis, that is available to the insured when the insured is added as an additional insured under any other policy, including any umbrella or excess policy.

4. The following is added to Paragraph **4.b. Excess Insurance, of SECTION IV –      COMMERCIAL GENERAL LIABILITY CONDITIONS**:

This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis, that is Professional Liability or similar coverage, to the extent the loss is not subject to the professional services exclusion of Coverage **A** or Coverage **B**.

IL 01 25 11 13

4.6   The Policy also contains the following policy Endorsement:

**WASHINGTON CHANGES – DEFENSE COSTS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

B. If we initially defend an insured ("insured") or pay for an insured's ("insured's") defense but later determine that none of the claims ("claims"), for which we have provided defense or defense costs, are covered under this insurance,

THE PHOENIX INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF – 9
Cause No. 3:23-cv-5125

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

    we have the right to reimbursement for the defense costs we have incurred.

    The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement of defense costs.

IL 01 23 11 13.

  4.7 In accordance with applicable law, Phoenix now brings this claim for Declaratory Judgment seeking a judicial determination that it no longer owes a duty to defend Otak in the Underlying Case.

  **V. NO INDEMNITY OR DEFENSE COVERAGE UNDER THE POLICY**

  5.1 Phoenix reasserts paragraphs 1.1 through 4.7 and incorporates the same as though fully stated herein.

  5.2 The Policy provides coverage only for "bodily injury" caused by an "occurrence," as those terms are defined by the Policy, provided that any such "bodily injury" occurs during the policy period.

  5.3 The Policy provides coverage only for "property damage" caused by an "occurrence," as those terms are defined by the Policy, provided that any such "property damage" occurs during the policy period.

  5.4 There is an actual and justiciable controversy as to whether the claims against Otak involve claims for "bodily injury" as that term is defined.

  5.5 There is an actual and justiciable controversy as to whether the alleged liability of Otak is for "bodily injury" caused by any covered "occurrence."

  5.6 There is an actual and justiciable controversy as to whether the claims against

THE PHOENIX INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF – 10
Cause No. 3:23-cv-5125

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

Otak involve claims for "property damage" as that term is defined.

5.7     There is an actual and justiciable controversy as to whether the alleged liability of Otak is for "property damage" caused by any covered "occurrence."

5.8     Pursuant to the policy, coverage is excluded for "bodily injury" or "property damage" that arises out of the rendering or failure to render "Professional services."

5.9     The Policy defines "Professional services" as any service requiring specialized skill or training including: providing specialize skill or training, including the preparation, approval, provision of or failure to prepare, approve, or provide any map, shop drawing, opinion, report, survey, field order, change order, design, drawing, specification, recommendation, warning, permit application, payment request, manual or instruction; Supervision, inspection, quality control, architectural, engineering or surveying activity or service, job site safety, construction contracting, construction administration, construction management, computer consulting or design, software development or programming service, or selection of a contractor or subcontractor; or Monitoring, testing or sampling service necessary to perform any of the services included.

5.10    There is an actual and justiciable controversy as to whether the claims against Otak involve "bodily injury" arising out of "professional services" which were rendered or failed to be rendered.

5.11    There is an actual and justiciable controversy as to whether the claims against Otak involve "property damage" arising out of "professional services" which were rendered or failed to be rendered.

5.12    Pursuant to the Policy, coverage is excluded to the extent that other valid and collectible insurance is available to Otak.

THE PHOENIX INSURANCE COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF – 11
Cause No. 3:23-cv-5125

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

5.13    There is an actual and justiciable controversy as to whether valid and collectible other insurance is available to Otak.

5.14    Pursuant to the Policy, if Phoenix initially pays for an insured's defense but later determines none of the claims for which defense was provided are covered under the Policy, Phoenix has a right to reimbursement for any defense costs Phoenix has incurred.

5.15    To the extent that none of the claims are covered under the Policy, there is an actual and justiciable controversy as to whether Phoenix's defense costs will be reimbursed.

5.16    Phoenix reserves the right to assert any other exclusions or grounds for which coverage for the claims against Otak may be excluded under the Policy.

## VI.    CAUSE OF ACTION FOR DECLARATORY RELIEF

6.1    Phoenix reasserts paragraphs 1.1 through 5.16 and incorporates the same as though fully set forth herein.

6.2    Actual and justiciable controversies exist as to whether any defense coverage is available to Otak under the Policy as set forth above.

6.3    Pursuant to and in accordance with 28 U.S.C. § 2201, Phoenix requests that the Court grant declaratory relief in favor of Phoenix and enter a judicial determination that Phoenix does not have an obligation to provide a defense to Otak in regard to the City of Ridgefield's claims.

6.4    Actual and justiciable controversies exist as to whether any indemnity coverage is available to Otak under the Policy in regard to the claims related to the Underlying Lawsuit.

6.5    Pursuant to and in accordance with 28 U.S.C. § 2201, Phoenix requests that the Court grant declaratory relief in favor Phoenix and enter a judicial determination that Phoenix does not have an obligation to provide any indemnity coverage to Otak regarding the claims

THE PHOENIX INSURANCE COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF – 12
Cause No. 3:23-cv-5125

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

arising from the City of Ridgefield's claim.

## VII.   PRAYER FOR RELIEF

WHEREFORE, The Phoenix Insurance Company having specifically alleged the foregoing, now prays for the following relief:

1. For a declaration of the rights and obligations of the parties hereto under the Policy.

2. For a declaration that there is no duty to defend Otak under the Policy.

3. For a declaration that there is no duty to indemnify Otak under the Policy.

4. For a judicial declaration that Otak is bound by any judicial declarations in this matter involving the Policy.

5. To the extent allowed by applicable law, for reimbursement of any and all defense costs, fees, or expenses incurred by Phoenix in defending any entity or person in the Ridgefield claim who claims to be an insured under the Policy for which there is no defense obligation.

6. For all pre-judgment and post-judgment interest as allowed by applicable law.

7. For attorney fees and costs allowed by applicable statute and law.

8. For other and further relief as the Court deems just and equitable.

DATED this 15th day of February 2023.

LETHER LAW GROUP

*s/ Thomas Lether*
Thomas Lether, WSBA #18089
*s/ Christopher Kranda*
Christopher Kranda, WSBA #56312
*s/ N. Chance Laboda*
N. Chance Laboda, WSBA #54273
1848 Westlake Ave N., Suite 100
Seattle, WA 98109
P: 206-467-5444 / F: 206-467-5544
tlether@letherlaw.com

THE PHOENIX INSURANCE COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF – 13
Cause No. 3:23-cv-5125

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544

ckranda@letherlaw.com
claboda@letherlaw.com
*Counsel for Phoenix Insurance Company*

THE PHOENIX INSURANCE COMPANY'S COMPLAINT
FOR DECLARATORY RELIEF – 14
Cause No. 3:23-cv-5125

LETHER LAW GROUP
1848 WESTLAKE AVENUE N, SUITE 100
SEATTLE, WA 98109
P: (206) 467-5444  F: (206) 467-5544